Joseph Brown, petitioner-respondent,

*v.*

Freda Brown, defendant-appellant.

[Submitted February term, 1934. Decided May 4th, 1934.]

*Mr. James Mercer Davis,* for the appellant.

*Mr. Grover Richman,* for the respondent.

The opinion of the court was delivered by

Hetfield, J.

This is an appeal from an order of the court of chancery denying a motion to strike out the third paragraph of a peti-

tion for divorce which charged adultery. The paragraph in question reads as follows:

"The defendant, since her marriage to the petitioner on different days of the months of April, May, June, July, August, September, October, November and December in the year 1930, on different days of the months of January, February, March, April, May, June, July, August, September, October, November and December in the year 1931, on different days of the months of January, February, March, April, May, June, July, August, September, October, November and December in the year 1932, and on different days of the months of January, February, March and April in the year 1933, at the city of Camden, at the city of Gloucester, at the township of Pensauken, county of Camden and State of New Jersey; at the city of Atlantic City, county of Atlantic and State of New Jersey; and at the city of Philadelphia, county of Philadelphia and State of Pennsylvania, committed adultery with one Alexander Ellis, of the city of Camden, county of Camden and State of New Jersey."

It is contended by the appellant, that the paragraph complained of does not comply with chancery rule 259, in that the defendant was not apprised of the time and place of the alleged offense or offenses, with such a degree of certainty that she could safely and properly make an answer or go to trial thereon. Rule 259 provides, in substance, that the petition should state the name of the person with whom the adultery was committed, if known, and if not known, the description of the person must be set forth, or such designation of the time, place and circumstances under which the act or a series of acts were committed, as will enable the defendant and the court to distinguish and individuate the particular offense or offenses intended to be charged. The petition now under consideration states the name of the person involved with the appellant, and designates the month, year and place, when and where the different offenses were alleged to have been committed.

We conclude that the pleading conforms with rule 259, and is consistent with numerous decisions of the courts in this

state. *Black* v. *Black, 26 N. J. Eq. 431; affirmed, 27 N. J. Eq. 664; Marsh* v. *Marsh, 16 N. J. Eq. 391; Goodwin* v. *Goodwin, 23 N. J. Eq. 210.*

The order under review will be affirmed.

*For affirmance*—LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, DILL, JJ.   10.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, HEHER, WELLS, JJ.   5.